

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

United States Courthouse
110 North Heber Street
Room 261
Beckley, WV 25801

304-253-6722
304-253-9206

FILED
JAN 2 9 2015
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

November 21, 2014

Jeffrey S. Rodgers, Esquire
P.O. Box 186
Lewisburg, WV 24901

Re: United States v. Richard Canterbury
Criminal No. 5:14-00281 (USDC SDWV)
JLF 15.72 RSC

Dear Mr. Rodgers:

This will confirm our conversations with regard to your client, Richard Canterbury (hereinafter "Mr. Canterbury"). As a result of these conversations, it is agreed by and between the United States and Mr. Canterbury as follows:

1. **CHARGING AGREEMENT.** Mr. Canterbury agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a single-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

2. **RESOLUTION OF CHARGES.** Mr. Canterbury will plead guilty to a violation of 18 U.S.C. § 2244(a)(4) (abusive sexual contact involving a ward) as charged in said information.

3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Canterbury will be exposed by virtue of this guilty plea is as follows:

(a) Imprisonment for a period of 2 years;

_RSC_
Defendant's Initials

  (b)    A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

  (c)    A term of supervised release of 1 year;

  (d)    A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

  (e)    An order of restitution pursuant to 18 U.S.C. §§ 3663A and 3664, or as otherwise set forth in this plea agreement.

    4.    **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, Mr. Canterbury will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Canterbury will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Mr. Canterbury fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Canterbury.

    5.    **PAYMENT OF MONETARY PENALTIES.** Mr. Canterbury agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Canterbury further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods,



Defendant's Initials

available to the United States to enforce the judgment.

6. **COOPERATION.** Mr. Canterbury will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Canterbury may have counsel present except when appearing before a grand jury.

7. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Canterbury, and except as expressly provided for in paragraph 9 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

8. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Canterbury for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Canterbury for perjury or false statement if such a situation should occur pursuant to this agreement.

9. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Canterbury stipulate and agree that the facts comprising the offense of conviction include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

*RSC*
---
Defendant's Initials

Mr. Canterbury agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried on the information attached hereto as "Plea Agreement Exhibit A" or on an indictment charging a violation of 18 U.S.C. § 1791(d)(1)(B), the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Canterbury or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Canterbury knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Canterbury understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

10. **AGREEMENT ON SENTENCING GUIDELINES**. Based on the foregoing Stipulation of Facts, the United States and Mr. Canterbury agree that the following provisions of the United States Sentencing Guidelines apply to this case:

USSG §2A3.4

| | |
|---|---|
| Base offense level (a)(3) | 12 |
| Victim in custody, care or supervisory control of defendant (b)(3) | + 2 |
| Adjusted offense level (prior to consideration of Acceptance of responsibility) | 14 |

*RSC*
Defendant's Initials

The United States and Mr. Canterbury acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

11. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Canterbury knowingly and voluntarily waives the right to seek appellate review of his conviction and of any sentence of imprisonment, fine or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment, fine or term of supervised release is below or within the Sentencing Guideline range corresponding to offense level 14. The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to offense level 12.

Mr. Canterbury also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

12. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Canterbury knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any

_RSC_
Defendant's Initials

limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

    13. **SEX OFFENDER REGISTRATION REQUIREMENT**. Mr. Canterbury understands and acknowledges that under the Federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee and where he is a student. Mr. Canterbury understands that the federal registration requirement and any state registration requirement may apply throughout his life. Mr. Canterbury further understands that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment or student status. Mr. Canterbury understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

    14. **FINAL DISPOSITION**. The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Canterbury;

_RSC_
Defendant's Initials

    (f)    Advise the Court concerning the nature and extent of Mr. Canterbury's cooperation; and

    (g)    Address the Court regarding the issue of Mr. Canterbury's acceptance of responsibility.

15. **VOIDING OF AGREEMENT.** If either the United States or Mr. Canterbury violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

16. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Canterbury in this matter. There are no agreements, understandings or recommendations as to any other pending or future

*RSC*
Defendant's
Initials

charges against Mr. Canterbury in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

> R. BOOTH GOODWIN II
> United States Attorney
>
> By: *(signature)*
> JOHN L. FILE
> Assistant United States Attorney

JLF/tlc

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this eight-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

*(signature)*     12-10-2014
Richard Canterbury     Date Signed
Defendant

*(signature)*     12-19-14
Jeffrey S. Rodgers, Esquire     Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

UNITED STATES OF AMERICA

v.   CRIMINAL NO. 5:14-00281
               JLF   75.2 RSC

RICHARD CANTERBURY

STIPULATION OF FACTS

The United States and Richard Canterbury stipulate and agree that the facts comprising the offense of conviction in the Information in the Southern District of West Virginia, Criminal No. 5:14-00281 ), include the following:

JLF

1. At all pertinent times Mr. Canterbury was an employee of the Federal Bureau of Prisons, working at the Federal Prison Camp at Alderson, West Virginia ("FPC Alderson").

2. FPC Alderson is a Federal prison located at or near the town of Alderson, Greenbrier County, West Virginia. The location of the incident charged in the information attached to the plea agreement as Exhibit A occurred in or near Summers County, West Virginia, in close proximity to the town of Alderson. The said incident occurred in the Southern District of West Virginia.

3. On one occasion in or around April, 2014, Mr. Canterbury engaged in sexual contact with a female inmate at FPC Alderson, in that he touched her breasts through her clothing, which he did with an intent to gratify his sexual desire.

4. At the time of that incident the inmate was in official detention, that is, she was serving a sentence at FPC

_RSC_
Defendant's
Initials

PLEA AGREEMENT EXHIBIT B

Alderson, a prison operated by the Federal Bureau of Prisons, upon designation by the United States Attorney General following her conviction of an offense.

5. The inmate was under the custodial, supervisory and disciplinary authority of Mr. Canterbury at the time of the incident in that he served as the inmate's work supervisor in his capacity as an automotive worker supervisor at FPC Alderson, and as an FPC Alderson staff member he was responsible for enforcing pertinent rules and regulations relating to the custody and conduct of inmates.

This Stipulation of Facts is not intended to address all of the facts and circumstances of this investigation or all of the possible sentencing issues in this case.

Stipulated and agreed to:

_____  12-10-2014
RICHARD CANTERBURY              Date
Defendant

_____  12-19-14
JEFFREY S. RODGERS              Date
Counsel for Defendant

_____  12/19/14
JOHN L. FILE                    Date
Assistant United States Attorney

_____
RSC
Defendant's
Initials

**PLEA AGREEMENT EXHIBIT B**

2